U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
OCT 1 9 2018
CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ADRIAN LEE CHACON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:17-CV-538-A |
| | § | |
| LEIGHTON ISLES, Director, | § | |
| Tarrant County Community | § | |
| Supervision and Corrections | § | |
| Department, | § | |
| | § | |
| Respondent. | § | |

### MEMORANDUM OPINION
### and
### ORDER

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Adrian Lee Chacon, a state probationer, against Leighton Iles, director of the Tarrant County Community Supervision and Corrections Department, respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be denied.

### I. Factual and Procedural History

In November 2013, in Tarrant County, Texas, Case No. 1342992D, petitioner was charged with boating while intoxicated, enhanced to felony status under Texas Penal Code § 49.09 by an alleged prior 2008 conviction in Maricopa County, Arizona, for driving under the influence and an alleged prior 2011 conviction in Harris County, Texas, for driving while intoxicated. (Resp't's

App. B, doc. 8.) *See* TEX. PENAL CODE ANN. §§ 49.06, 49.09 (West 2011 & Supp. 2014). On October 6, 2014, petitioner entered an open plea of guilty to the offense and the trial court assessed his punishment at ten years' confinement but suspended the sentence and placed petitioner on community supervision for three years. (Id. A & J.) Petitioner did not directly appeal the trial court's judgment of conviction but did file a state postconviction application for writ of habeas corpus, raising the claim presented herein, which was denied by the trial court and said denial was upheld on direct appeal. (Id. C; Pet'r's Mem., Exs. A & B, doc. 2.)

## II. Issues

In this federal petition, petitioner raises one ground for relief, wherein he claims that his guilty plea was rendered involuntary due to ineffective assistance of his trial counsel. (Pet. 6, doc. 1.)

## III. Rule 5 Statement

Other than a general denial, respondent does not raise any defensive issues in his response. (Resp't's Reply 2, doc. 7.)

## IV. Legal Standard for Granting Habeas Corpus Relief

A § 2254 habeas petition is governed by the heightened standard of review provided for in the Anti-Terrorism and Effective Death Penalty Act (AEDPA). 28 U.S.C. § 2254. Under the Act, a writ of habeas corpus should be granted only if a state

2

court arrives at a decision that is contrary to or an unreasonable application of clearly established federal law as established by the Supreme Court or that is based on an unreasonable determination of the facts in light of the record before the state court. 28 U.S.C. § 2254(d)(1)-(2); *Harrington v. Richter*, 562 U.S. 86, 100 (2011). This standard is difficult to meet and "stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings." *Harrington*, 562 U.S. at 102.

The statute further requires that federal courts give great deference to a state court's factual findings. *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. A petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003); *Williams v. Taylor*, 529 U.S. 362, 399 (2000).

Additionally, when the Texas Court of Criminal Appeals, the state's highest criminal court, denies relief on a state habeas-corpus application without written order, typically it is an adjudication on the merits, which is likewise entitled to this presumption. *Richter*, 562 U.S. at 100; *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). In such a situation, a federal court "should 'look through' the unexplained decision to

3

the last related state-court decision providing" particular reasons, both legal and factual, "presume that the unexplained decision adopted the same reasoning," and give appropriate deference to that decision. *Wilson v. Sellers,* 138 S. Ct. 1188, 1191-92 (2018).

## V. Discussion

Petitioner claims that his guilty plea was rendered involuntary as a result of his trial counsel's ineffective representation as follows:

> Boating while intoxicated is normally a misdemeanor offense. However, where two prior driving or boating while intoxicated are shown, the offense is raised to a felony. One of those priors is a purported DWI conviction out of the East Mesa, Arizona Municipal Court. However, the documentation provided by the State to Petitioner's trial defense counsel completely fails to show that Petitioner was convicted of driving while intoxicated in that it shows only that a person with a similar name was convicted, but does not show that Petitioner was the individual convicted. Had counsel investigated the East Mesa DWI, he would have discovered that it failed to show a conviction. Petitioner pled guilty on the advice of counsel that both priors were provable by the State.

(Pet. 6, doc. 1.)

A criminal defendant has a constitutional right to the effective assistance of counsel at trial. U.S. CONST. amend. VI, XIV; *Evitts v. Lucey,* 469 U.S. 387, 396 (1985); *Strickland v. Washington,* 466 U.S. 668, 688 (1984). To prevail on an ineffective assistance claim in the context of a guilty plea, a defendant must demonstrate that his plea was rendered unknowing

4

or involuntary by showing that (1) counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's deficient performance, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 56-59 (1985); *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983); *see also Strickland*, 466 U.S. at 687. In assessing the reasonableness of counsel's representation, "counsel should be 'strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" *Cullen v. Pinholster,* 563 U.S. 170, 189 (2011) (quoting *Strickland,* 466 U.S. at 690).

Ineffective-assistance-of-counsel claims are considered mixed questions of law and fact and, therefore, are analyzed under the "unreasonable application" standard of § 2254(d)(1). *See Gregory v. Thaler,* 601 F.3d 347, 351 (5th Cir. 2010). Where, as here, the state court adjudicated the ineffective-assistance claim on the merits, this court must review petitioner's claim under the "doubly deferential" standards of both *Strickland* and § 2254(d). *Pinholster,* 563 U.S. at 190. In such cases, the "pivotal question" for this court is not "whether defense counsel's performance fell below *Strickland*'s standard"; it is "whether the state court's application of the *Strickland* standard was unreasonable." *Richter,* 562 U.S. at 101, 105.

5

As noted, petitioner raised his claim in his state habeas application, and, based on the documentary record, including the affidavit of state prosecutor Bill Vassar, the state habeas judge, who also presided over the plea proceedings, denied relief. In so doing, he adopted and entered the following factual findings and, applying the *Strickland* standard, legal conclusions relevant to petitioner's claim:

**FINDINGS OF FACT**

*Involuntary Plea/Ineffective Assistance of Counsel*

. . .

4. [Petitioner]'s boating while intoxicated offense was enhanced to a third degree felony by two prior convictions: Cause Number 2011-0916 from Harrison County, Texas and Cause Number TR2007167966 001 from Maricopa County, Arizona.

. . .

7. Hon. William Vassar, the prosecutor in this case, was prepared to present additional evidence had [petitioner] contested the Arizona prior conviction.

8. Hon. Vassar was prepared to present witnesses from Arizona to testify that [petitioner] was the person who was convicted of DUI in Maricopa County on May 15, 2008, Cause Number TR2007167966 001.

9. Hon. Vassar was prepared to present a certified copy of [petitioner]'s driving record that also showed [petitioner] was convicted of DUI on May 15, 2008.

10. [Petitioner] alleges that counsel advised him that counsel had investigated the prior convictions.

11. Counsel was aware that the State was prepared to bring in witnesses from Arizona to prove up

6

[petitioner]'s prior Arizona conviction.

12. There is no evidence that counsel failed to investigate [petitioner]'s prior convictions before advising [petitioner] to plead guilty.

13. There is no evidence that counsel's advice fell below the range of competence demanded of attorneys in criminal cases.

14. [Petitioner] alleges that he would not have pled guilty and would have insisted on going to trial had he known that his prior convictions were invalid.

## CONCLUSIONS OF LAW

*Involuntary Plea/Ineffective Assistance of Counsel*

. . .

3. There is a presumption of regularity with respect to guilty pleas under Texas Code of Criminal Procedure art. 1.15.

4. Before accepting a guilty plea, the court must admonish the defendant as to the consequences of his plea, including determining whether the plea is freely, voluntarily, and knowingly given.

5. When a defendant complains that his plea was not voluntary due to ineffective assistance of counsel, "the voluntariness of the plea depends on (1) whether counsel's advice was within the range of competence demanded of attorneys in criminal cases and if not, (2) whether there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

. . .

8. "To establish that a defendant has been convicted of a prior offense, the State must prove beyond a reasonable doubt that (1) a prior conviction exists, and (2) the defendant is linked to that conviction. No specific document or mode of proof is required to prove these two elements. There is

7

no "best evidence" rule in Texas that requires that the fact of a prior conviction be proven with any document, much less any specific document. While evidence of a certified copy of a final judgment and sentence may be a preferred and convenient means, the State may prove both of these elements in a number of different ways, including (1) the defendant's admission or stipulation, (2) testimony by a person who was present when the person was convicted of the specified crime and can identify the defendant as that person, or (3) documentary proof (such as a judgment) that contains sufficient information to establish both the existence of a prior conviction and the defendant's identity as the person convicted. Just as there is more than one way to skin a cat, there is more than one way to prove a prior conviction."

9. The evidence that the State was prepared to present to prove that [petitioner] was convicted of DUI in Arizona in 2008 would have been sufficient evidence. [Petitioner] has failed to prove that the State would have been unable to prove the Arizona prior conviction was a conviction.

10. [Petitioner] has failed to prove that the State would have been unable to prove the Arizona prior conviction was a conviction.

11. [Petitioner] has failed to prove that counsel failed to investigate the prior convictions alleged in the felony repetition enhancement.

12. [Petitioner] has failed to prove that counsel's advice fell below the range of competence demanded of attorneys in criminal cases.

13. Because the State would have been able to prove up [petitioner]'s prior convictions, [petitioner] has failed to prove that there is a reasonable probability that he would not have pleaded guilty and would have insisted on going to trial but for the alleged misconduct.

14. [Petitioner] has failed to prove that his plea was involuntary due to ineffective assistance of

>        counsel.
>
>   15.  [Petitioner] has failed to overcome the
>        presumption that his plea was regular.
>
>   16.  [Petitioner]'s plea was freely, voluntarily, and
>        knowingly made.

(Resp't's App. D, F Ex. B, doc. 8 (footnotes and citations omitted).)

Petitioner was granted an out-of-time appeal of the state habeas court's denial and the state appellate court affirmed, providing:

> [Petitioner] signed a judicial confession. His BWI conviction was enhanced to a third-degree felony because of two prior convictions for driving while intoxicated (DWI). One of those convictions was out of a justice court in Mesa, Arizona.
>
> . . .
>
> In his sole point, [petitioner] argues that the Mesa, Arizona DWI conviction was void or voidable under Texas law and that his trial counsel rendered ineffective assistance by allowing him to plead guilty, rendering his plea involuntary. We generally review a trial court's decision to deny habeas relief under article 11.072 for an abuse of discretion. Viewing the evidence in the light most favorable to the trial court's ruling, we determine whether the trial court acted without reference to any guiding rules or principles.
>
> An applicant for habeas corpus relief challenging the effectiveness of counsel has the burden of proving ineffective assistance of counsel by a preponderance of the evidence. To demonstrate ineffective assistance of counsel, an applicant must show that (1) his counsel's representation fell below an objective standard of reasonableness and (2) but for counsel's deficiency, the result of the proceeding would have been different. A reviewing court analyzes claims of ineffective assistance under the "totality of the representation" standard. First, the reviewing court examines an

9

applicant's allegations of deficient performance and decides whether trial counsel's actions or omissions were "constitutionally deficient." If the reviewing court decides that trial counsel's conduct was constitutionally deficient, it then determines whether counsel's specific acts or omissions, in their totality, prejudiced the applicant's defense.

A defendant is entitled to effective assistance of counsel during the plea-bargaining process. When a defendant complains that his plea was not voluntary due to ineffective assistance of counsel,

> the voluntariness of the plea depends on (1) whether counsel's advice was within the range of competence demanded of attorneys in criminal cases and if not, (2) whether there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

An applicant must overcome the presumption that, under the circumstances, the challenged action could be considered sound trial strategy. Although trial counsel has an obligation to make reasonable investigation and reasonable decisions regarding the investigation, there is no evidence in the record before us that trial counsel failed to do so.

[Petitioner] relies on *Gaddy v. State* to support his argument that the Arizona judgment is inadequate under Texas law. *Gaddy* dealt with a conviction out of a municipal court in New Mexico when Gaddy was not represented by counsel and for an offense that would not have constituted a DWI conviction under Texas law. That is, *Gaddy* dealt with a void conviction used to enhance Gaddy's Texas DWI conviction.

[Petitioner] appears to argue that trial counsel should have challenged the validity of the Arizona conviction and that the Arizona conviction was voidable. [Petitioner] also appears to concede that trial counsel's investigator had investigated the Arizona conviction. Additionally, the State points out that the prosecution was prepared to bring witnesses from Arizona to prove up the conviction and that trial counsel was aware of that fact. Nor can we determine

10

> from the record before us whether the questions about
> the Arizona conviction affected any plea-bargaining
> negotiations.
>
> A conviction that is merely voidable, as opposed
> to void ab initio, cannot be attacked by writ of habeas
> corpus but must be attacked by direct appeal. To the
> extent that [petitioner] appears to be challenging the
> validity of the Arizona conviction and the sufficiency
> of the evidence to support the Arizona enhancement of
> his current conviction, [petitioner] has not shown that
> the DWI offense for which he was convicted in Arizona
> is not essentially the same as that of Texas, as our
> law requires. Because [petitioner] has not sustained
> his burden of showing trial counsel's actions or
> inactions were not based on reasonable trial strategy,
> he has failed to sustain his burden to show ineffective
> assistance of counsel at trial.

(Pet'r's Mem., Ex. A 3-7, doc. 2 (footnotes omitted).)

In turn, the Texas Court of Criminal Appeals refused petitioner's petition for discretionary review. (Id. Ex. B.)

Petitioner presents no compelling argument or evidence to rebut the state courts' adjudication of his ineffective-assistance claim. The issue of whether or not a defendant's prior convictions are properly used for enhancement purposes is solely a question of state law. *Weeks v. Scott,* 55 F.3d 1059, 1063 (5th Cir. 1995); *Rubio v. Estelle,* 689 F.2d 533, 536 (5th Cir. 1982); *Donald v. Jones,* 445 F.2d 601, 606 (5th Cir. 1971). Deferring to the state courts' factual findings and interpretation of state law on the issue, the state courts reasonably concluded that counsel's performance cannot be termed deficient under *Strickland*.

In summary, petitioner has failed to allege, much less

demonstrate, that the state courts' decision to deny his claim as presented in his state application for habeas corpus was in conflict with clearly established federal law as determined by the Supreme Court or was based on an unreasonable determination of the facts in light of the evidence before the state courts. 28 U.S.C. § 2254(d).

For the reasons discussed herein,

The court ORDERS the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, denied. The court further ORDERS that a certificate of appealability be, and is hereby, denied, as petitioner has not made a substantial showing of the denial of a constitutional right.

SIGNED October 19, 2018.

_____
JOHN McBRYDE
UNITED STATES DISTRICT JUDGE